UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NANCI LEE McCRORY,

    Plaintiff,                                        Case No. 15-cv-12306
                                                 Hon. Matthew F. Leitman

v.

MHT HOUSING, INC., *et al.*,

    Defendants.

_____/

## ORDER (1) GRANTING DEFENDANTS' MOTION TO DISMISS (ECF #36) AND (2) DISMISSING PLAINTIFF'S COMPLAINT (ECF #1) WITHOUT PREJUDICE

On June 25, 2015, Plaintiff Nanci Lee McCrory ("McCrory") filed this action against Defendants MHT Housing, Inc., Continental Management, LLC, and Dauner Haus III/MHT Limited Dividend Housing Association, LLC (collectively, "Defendants"). McCrory claims that the Defendants violated both state and federal law when they refused to make her apartment building accessible to individuals, like McCrory, who are disabled and retaliated against her for making requests for accommodations due to her disability. (*See* Compl., ECF #1 at 1-2, Pg. ID 1-2.)

On July 25, 2016, McCrory's *pro bono* counsel from the Wayne State University Disability Law Clinic filed a motion to withdraw as her attorneys (the "Motion for Withdrawal"). (*See* ECF #34.) The Court scheduled a hearing on the

Motion for Withdrawal and ordered McCrory to personally appear at that hearing. (*See* ECF #34.)

The Court held the hearing on August 3, 2016. (*See* Dkt.) As ordered, McCrory personally appeared at that proceeding. At the hearing, the Court granted the Motion for Withdrawal and told McCrory, on the record, that she had until September 20, 2016, to either (1) retain new counsel or (2) inform the Court that she planned to proceed in this action as her own attorney. The Court then issued and served upon McCrory a written order that repeated these requirements (the "Order"). (*See* ECF #35.) In the Order, the Court expressly informed McCrory that "[i]f, by the close of business on September 20, 2016, the Court [had] neither receive[d] an Appearance from new counsel nor a letter from [McCrory indicating that she wished to represent herself in this action], the Court [would] presume that [she] no longer wishe[d] to proceed with the action and [would] dismiss this action without prejudice." (*Id.* at 2, Pg. ID 251.)

On September 16, 2016, McCrory informed the Court by letter that while she wanted to continue her action against the Defendants, she had been unable to find new counsel and did not wish to represent herself. (*See* ECF #36-2 at 2, Pg. ID 258.) On October 10, 2016, Defendants filed a motion to dismiss this action based on McCrory's failure to comply with the Order and either retain a new attorney or agree to represent herself (the "Motion to Dismiss"). (*See* ECF #36.)

McCrory has not filed a response to the Motion to Dismiss. Nor has she otherwise informed the Court that she has retained new counsel or has decided to represent herself. Because McCrory does not have a lawyer and has not agreed to represent herself, the Motion to Dismiss **IS GRANTED** and McCrory's Complaint **IS DISMISSED WITHOUT PREJUDICE**.[1]

IT IS SO ORDERED.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: November 10, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 10, 2016, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113

---

[1] The Court recognizes that it could appoint new counsel for McCrory. It declines to do so. Attorneys David R. Moss ("Moss") and Lawrence C. Mann ("Mann") of the Wayne State University Law School Disability Law Clinic initially represented McCrory in this action *pro bono*. Attorneys Moss and Mann were vigorous advocates for McCrory and worked diligently on her behalf. They moved to withdraw as her counsel only after she "failed substantially to fulfill her obligation to cooperate with [her] counsel in the handling of this matter, despite repeated warnings that counsel would withdraw if [she] did not cooperate." (Mot. for Withdrawal at 3-4, ECF #33 at 3-4, Pg. ID 238-39.) McCrory denied that she was uncooperative, but the Court credits Moss and Mann's version of events. Given the reasons for the breakdown between McCrory and her previous *pro bono* counsel, the Court does not believe it would be appropriate to appoint a new lawyer to represent McCrory.